UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WATSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 04-1280 (RNB)<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation[1]:

1.  <u>Reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider the opinion of the consultative psychological examiner.</u>

\\

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

Plaintiff contends that the ALJ erred by failing to discuss key points in the December 3, 2003 report provided by the consultative psychological examiner, Dr. Cash, following his psychological evaluation of plaintiff. (See AR 253-57). Specifically, plaintiff contends, the ALJ did not discuss Dr. Cash's opinion(s) that her ability to tolerate stress was moderately to markedly impaired, and that "given proper mental health treatment, the possibility of work is not permanently precluded." Plaintiff further contends that the ALJ also did not discuss a Global Assessment of Functioning (GAF) score of 45 assessed by Dr. Cash. (See Jt Stip at 3-4).

However, the Court concurs with the Commissioner that, contrary to plaintiff's contention, the ALJ did specifically note that Dr. Cash found that plaintiff was moderately to markedly impaired with respect to her ability to respond appropriately to work pressures (i.e., stress) in the work setting. The ALJ also specifically noted that Dr. Cash felt that given proper mental health treatment, the possibility of work was not permanently precluded. (See AR 20). In view of the latter opinion, the ALJ concluded that the evidence did not support a period of 12 continuous months that plaintiff would have marked limitations in responding to work pressures (see id.), although the ALJ did adopt Dr. Cash's opinion to the extent that Dr. Cash believed plaintiff's ability to tolerate stress was moderately impaired (see AR 19, 21).

Finally, while it is true that the ALJ did not specifically address Dr. Cash's assessment that plaintiff's current GAF score was 45 (see AR 257), the Court concurs with the Commissioner that, when considered in the context of Dr. Cash's other opinions and the record as a whole (including the level of functioning evidenced by plaintiff's description of her daily activities), the failure to discuss the GAF score was harmless error because the ALJ's determination that plaintiff did not suffer from a permanently disabling mental impairment was supported by substantial evidence. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991)(harmless error rule applies to review of administrative decisions regarding disability).

\\

2. <u>Reversal is not warranted based on the ALJ's alleged failure to make proper credibility findings.</u>

Plaintiff further contends that the ALJ failed to follow the proper legal standard in making her adverse credibility determination, because the ALJ failed to identify which testimony was credible and the evidence that undermined it. (<u>See</u> Jt Stip at 5-6). However, for the reasons set forth by the Commissioner in the Joint Stipulation (<u>see</u> Jt Stip at 6-8), the Court rejects plaintiff's contention that the ALJ failed to make proper credibility findings. Rather, the Court concurs with the Commissioner that the ALJ's credibility findings were sufficiently specific to allow a reviewing court to conclude that the ALJ rejected plaintiff's testimony on permissible grounds and did not arbitrarily discredit plaintiff's testimony. <u>See</u>, e.g., <u>Thomas v. Barnhart</u>, 278 F.3d 948, 958-59 (9th Cir. 2002) (ALJ may properly consider inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, claimant's daily activities, and claimant's work record); <u>Morgan v. Apfel</u>, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1998) (lack of treatment, daily activities inconsistent with total disability, and helpful medication undermined subjective testimony of disabling pain); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony, and the fact that only conservative treatment had been prescribed); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, inconsistencies in claimant's testimony, failure to pursue treatment and effectiveness of medication); <u>Flaten v. Secretary of Health & Human Svcs.</u>, 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain); <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1130 (9th Cir. 1991) (ability to take care of personal needs, prepare easy meals, do light housework and shop for some groceries "may be seen as inconsistent with the presence of a condition which would preclude all work activity"); <u>Fair v.

Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ALJ may properly rely on ordinary techniques of credibility evaluation); Williams v. Bowen, 790 F.2d 713, 715 (8th Cir. 1986) (ALJ may properly rely on evidence that claimant has received minimal medical treatment).

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED:  August 16, 2005

/s/
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE